DAVID T. MCDONALD
David T. McDonald, P.C.
OSB #86243
510 SW Third Avenue, Suite #400
Portland, Oregon  97204-2509
(503) 226-0188
(503) 226-1136 (f)

Attorney for the Accused, Jose Garcia-Zambrano

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | NO.   3:11-cr-00467-MO-4 |
| v. | MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS ALLEGED IDENTIFICATION OF JOSE GARCIA-ZAMBRANO BY SOI#2 |
| JOSE GARCIA-ZAMBRANO, | |
| Accused. | |

The Accused, Jose Garcia-Zambrano, has moved this Court for an Order suppressing any alleged identification made of Mr. Garcia-Zambrano by an individual who the government designated in some of its filings as SOI#2.  The rule for suppression, or exclusion, of a pre-trial identification is governed by *Perry v. New Hampshire,*

In *Perry*, the Court stated that:

> Instead, the trial judge must screen the evidence for reliability pretrial. If there is "a very substantial likelihood of irreparable misidentification," *Simmons v. United States*, 390 US 377, 384, 88 SCt 967, 19 LEd2d 1247 (1968), the judge must disallow presentation of the evidence at trial. But if the indicia of reliability are strong enough to outweigh the corrupting effect of the police-arranged suggestive circumstances, the identification evidence ordinarily will be admitted, and the jury

will ultimately determine its worth.

The Court set forth the standard for analysis as follows:

"[R]eliability [of the eyewitness identification] is the linchpin" of that evaluation, the Court stated in *Braithwaite, Id.,* at 114, 97 SCt 2243. Where the "indicators of [a witness'] ability to make an accurate identification" are "outweighed by the corrupting effect" of law enforcement suggestion, the identification should be suppressed. *Id.* at 114, 116, 97 SCt 2243. Otherwise, the evidence (if admissible in all other respects) should be submitted to the jury.

..................................................

Among "factors to be considered" in evaluating a witness' "ability to make an accurate identification," the Court listed: "the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation." *Manson v. Braithwaite*, 432 US 98, 114, 97 SCt 2243, 53 LEd2d 140 (1977), *citing Neil v. Biggers*, 409 US 188, 199-200, 93 SCt 375, 34 LEd2d 401 (1972).

*Perry* 132 SCt at 724-725.

In this case, the full nature and circumstances of the identification are not known to the defense and the burden remains on the government to produce the evidence upon which they intend to rely as to the identification.

DATED this 25th day of June 2012.

        Respectfully submitted:

        s/ David T. McDonald
        David T. McDonald, WSBA #18446
        510 SW 3rd Avenue, Suite 400
        Portland, OR 97204
        (503) 226-0188
        Attorney for Jose Garcia-Zambrano