S. AMANDA MARSHALL, OSB #95347
United States Attorney
District of Oregon
**GEOFFREY A. BARROW**
Assistant United States Attorney
Geoffrey.Barrow@usdoj.gov
1000 SW Third Ave., Suite 600
Portland, OR  97204-2902
Telephone:  (503) 727-1000
Facsimile:  (503) 727-1105
Attorneys for United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:11-CR-00467-MO-04 |
| v. | GOVERNMENT'S SENTENCING MEMORANDUM |
| JOSE GARCIA-ZAMBRANO | |
| Defendant. | Sentencing Date: January 27, 2013, at 11:30 a.m. |

The United States of America, by and through S. Amanda Marshall, United States Attorney for the District of Oregon, and Assistant United States Attorney Geoffrey A. Barrow, respectfully submits the following memorandum in support of the government's position on sentencing.

**I.      SENTENCING RECOMMENDATION**

For the reasons set forth below and at the sentencing hearing, the government recommends that the Court impose the mandatory-minimum sentence of 108 months' imprisonment on Count 1 of the Indictment.  The government further recommends that the Court impose a five-year period of supervised release, and a $100 fee assessment.

## II. PLEA AND PLEA AGREEMENT

On December 17, 2012, defendant pled guilty to Count 1 of the Indictment, charging him with Conspiracy to Distribute Methamphetamine and to Use Communication Devices in furtherance of drug trafficking in violation of Title 21 United States Code, Sections 841(a)(1), (b)(1)(A)), 843(b) and 846.

### A. Relevant Conduct

The parties agree that defendant's relevant conduct pursuant to U.S.S.G. § 2D1.1 is in excess of 1.5 kilograms of methamphetamine (actual) for a Base Offense Level of 38, prior to adjustments.

### B. Acceptance of Responsibility

The parties agree that defendant has met the requirements for application of a three-level downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1.

### C. Defendant's Criminal History

Defendant has two prior convictions, one for Failure to Perform Duties of a Driver in Washington, County, Oregon and the other for Failure to Appear. These convictions result in one criminal history point. The Probation Office correctly scored the defendant's criminal history as Category I.

### D. Safety Valve

Defendant is eligible for a two-level reduction and relief from the applicable mandatory-minimum pursuant to 21 U.S.C. § 3553(f) and U.S.S.G. § 2D1.1(b)(16).

### E.  Departures and Adjustments

#### 1.  Resolution of a Complex Case

The parties recommend that the Court apply a two-level downward adjustment under 18 U.S.C. § 3553(a) because the Court has previously designated this matter as a complex case and defendant agreed to resolve the case before filing or litigating any pretrial motions.

### III.  FACTUAL BACKGROUND

The government's investigation began in 2007 when officers with the Westside Interagency Narcotics task force received information that Hugo Gonzalez-Pasaye and Adrian Gonzalez Pasaye were involved in distributing methamphetamine. The investigation ultimately led to a Title III wire investigation that intercepted cellular phones used by Hugo Gonzalez-Pasaye and Adrian Gonzalez-Pasaye.

On July 30, 2011, investigators utilized data from a precision location order on a cellular phone number then used by Adrian GONZALEZ-Pasaye, to identify a stash house at 30415 SW Lukas Drive, Hillsboro, Oregon.

On November 22, 2011, at 12:22 p.m. surveillance observed defendant Jose GARCIA-Zambrano pick up Adrian GONZALEZ-Pasaye in Vancouver, Washington, and drop him off in Hillsboro, Oregon. The Impala stopped at a restaurant and then went to the Lukas Drive stash house. After the Impala left the stash house, the government intercepted a call between the defendant and Adrian GONAZLEZ-Pasaye. In the call, Adrian GONZALEZ-Pasaye asks if they "went over there to do what they had to do." The defendant told Adrian GONZALEZ-Pasaye that they were "going to see the 'one on the freeway." Investigators believe that defendant was referring to delivering methamphetamine to a customer. Adrian GONZALEZ-Pasaye criticized

**Government's Sentencing Memorandum**                                                                                   **Page 3**

the defendant and said that "one of them should stay to check on the beans so that the beans don't burn." GONZALEZ-Pasaye complained that the defendant "should have 'sembrado la, la milpa' [planted the cornstalks]." Investigators believe that GONZALEZ-Pasaye was directing the defendant to prepare methamphetamine for distribution at the Lukas Road stash house. Later that day, Adrian Gonzalez-Pasaye traveled to the Lukas Road stash house.

On November 23, 2011, the government intercepted a call between Adrian GONZALEZ-Pasaye and Hugo GONZALEZ-Pasaye in which Adrian told Hugo that there was "no more 'resequedad' [dry spell] but that they are going to be ready very soon." Later in the call, Adrian GONZALEZ-Pasaye told Hugo GONZALEZ-Pasaye "maybe, for Friday, not sure, but maybe." Adrian explained the he wanted "6 hands and that they're about 9 ½" Investigators believe that Adrian told Hugo that he would get thirty pounds ("6 hands") of methamphetamine for $9,500 ("9 ½") per pound.

On Friday, November 25, 2011, data from a tracking device attached to a white Volkswagen Jetta used by Adrian GONZALEZ-Pasaye indicated that the Jetta traveled from Oregon to Southern California. The government subsequently intercepted several calls between the defendant, who was using a cellular phone that had previously been used by Adrian Gonzalez-Pasaye, and others about collecting "papers" a coded reference for money. On November 28, 2011, the government intercepted a call between a customer and the defendant. The customer asked where the "work was" and the defendant explained that "Adrian" had returned the previous night and that the product should be available the following day.

On November 29, 2011, investigators established surveillance in the vicinity of the Lukas Road stash house. They observed a gold BMW X5 and a Chevy Impala parked at the Lukas Road address. At 12:31 p.m. Adrian GONZALEZ-Pasaye left the Lukas Road stash house in

**Government's Sentencing Memorandum**                                                                                                                **Page 4**

the gold BMW X5 and returned shortly thereafter. At 3:23 p.m., DEA intercepted a call in which Hugo GONZALEZ-Pasaye asked the defendant where Adrian was. Garcia-Zambrano explained that Adrian was "doing all of 'that' and that . . . in a little bit, he will bring a whole bunch over here. At the time of this call, surveillance showed that Adrian GONZALEZ-Pasaye was at 30415 SW Lukas Road.

Later that day, surveillance followed the Impala away from the residence and executed a traffic stop. Adrian Gonzalez-Pasaye, Diego Bermudez-Ortiz and the defendant were taken into custody on federal arrest warrants. Officers executed search warrants and seized approximately 23 pounds of methamphetamine and 21 firearms from the Lukas Road address.

### IV. CONTESTED ISSUES

The plea agreement allows defendant to seek a downward departure, adjustment or variance from the applicable guideline range determined by the Court and probation office and requires defendant to provide notice to the government of the factual basis for such request, any evidence defendant intends to introduce or rely upon at the sentencing hearing, and any witnesses defendant intends to call or rely upon at the sentencing hearing. At this time, the government is not aware of any defense argument for a downward departure. If and when defendant seeks such a departure, the government will take a position on the issue.

### V. CONCLUSION AND RECOMMENDATION

Based on the reasons set forth above, and the plea agreement entered into between the parties pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the government recommends that the Court impose a sentence of 108 months' incarceration. The government further recommends that the Court impose a five year period of supervised release, and a $100 fee assessment.

**Government's Sentencing Memorandum** **Page 5**

The government submits that, under the facts in this case, a sentence of 108 months is sufficient, will promote respect for the law and provide just punishment for this defendant in this offense. Such a sentence would recognize defendant's role in this offense, provide adequate deterrence to criminal conduct, protect the public and provide the defendant with an opportunity for educational or vocational training, medical care, or other correctional treatment. A sentence of 108 months, coupled with the criminal forfeiture, a five year period of supervised release, and a $100 fee assessment, satisfies the requirement of 18 U.S.C. § 3553(a) as a "sentence sufficient, but not greater than necessary" to meet the purposes of § 3553(a)(2).

Dated this 20th day of February, 2013.

Respectfully submitted,

S. AMANDA MARSHALL
United States Attorney

*s/ Geoffrey A. Barrow*
GEOFFREY A. BARROW
Assistant United States Attorney
(503) 727-1000

**Government's Sentencing Memorandum**                                                    **Page 6**